DONES v THOMAS

Docket No. 161042. Submitted November 10, 1994, at Lansing. Decided May 19, 1995, at 9:25 A.M.

Marc E. T. Dones, by his next friend, Kathie Dones-Carson, brought an action in the Oakland Circuit Court against Isiah Thomas, seeking to modify a previous order of support entered as the result of a settlement of a paternity action brought by the plaintiff's mother at the time of his birth. The plaintiff argued that he was denied equal protection of the law by reason of the fact that § 3 of the Paternity Act, MCL 722.713; MSA 25.493, prohibits modification of an order of support in a paternity action, while an order of child support in a divorce action may be modified, thereby resulting in disparate treatment on the basis of the legitimacy of birth. The court, Barry L. Howard, J., granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held:*

There is no substantial permissible state interest in treating the modification of an order of support under the Paternity Act differently from the modification of an order of child support in divorce proceedings. MCL 722.713; MSA 25.493 is unconstitutional because it violates equal protection to the extent that it affords the parties to a paternity action greater settlement rights than are afforded to the parties to a divorce action with respect to the finality of an award of child support and to the extent that an award of child support pursuant to the Paternity Act is not modifiable while an award of child support in a divorce proceeding is subject to later modification. Because the plaintiff should have been allowed to proceed with his claim to seek modification of the support order, the trial court erred in granting summary disposition for the defendant.

Reversed and remanded.

CHILDREN BORN OUT OF WEDLOCK — PATERNITY ACT — MODIFICATION OF CHILD SUPPORT — DIVORCE — EQUAL PROTECTION.

The provision of the Paternity Act that prohibits modification of

REFERENCES

Am Jur 2d, Bastards §§ 68, 70.

See ALR Index under Legitimacy of Children.

an order of child support is unconstitutional to the extent that it treats such an order differently from orders of child support in divorce actions, which are subject to modification, because such disparate treatment results in a denial of equal protection of the law (MCL 722.713; MSA 25.493).

*Ronald M. Bookholder, P.C.* (by *Ronald M. Bookholder*), for the plaintiff.

*Frasco, Freydl & Caponigro* (by *T. Patrick Freydl*), for the defendant.

Amicus Curiae:

*Lynn M. Pargo, Robert N. Bassel,* and *Anne L. Argiroff,* for the State Bar of Michigan Family Law Section.

Before: CONNOR, P.J., and SAWYER and G. R. CORSIGLIA,* JJ.

SAWYER, J. Plaintiff appeals from an order of the circuit court granting summary disposition for defendant in this paternity and support action. We reverse.

Plaintiff, appearing through his next friend and aunt, claims that defendant, a sports figure of some renown, is his father. This paternity claim originally was brought at the time of plaintiff's birth by plaintiff's mother, who was not married to defendant at the time of plaintiff's conception and birth. While it does not appear that the court made a formal finding of paternity, it does appear that defendant executed an acknowledgment of paternity. In any event, the prior paternity action was settled by defendant paying plaintiff's mother approximately $52,000 and purchasing an annuity that would provide $2,764.78 a month until plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff reached eighteen years of age and then a lump sum payment of $100,000. In conformity with the stipulation, the prior action was dismissed with prejudice upon the purchase of the annuity. Plaintiff's position is that his right to support could not have been compromised in the earlier settlement.

The heart of this dispute centers on the provisions of the Paternity Act, specifically § 3 of the act, MCL 722.713; MSA 25.493, which provides as follows:

> (a) An agreement or compromise made by the mother or child or by some authorized person on their behalf with the father concerning the support and education of the child shall be binding upon the mother and the child only when the court having jurisdiction to compel support and education of the child shall have determined that adequate provision is reasonably secured by payment or otherwise and has approved the agreement or compromise.
>
> (b) The performance of the agreement or compromise, when so approved, shall bar other remedies of the mother or child for the support and education of the child.

Unlike in a paternity action, in a divorce action the parties may not compromise or settle their child's right to receive support. *Johns v Johns,* 178 Mich App 101, 106; 443 NW2d 446 (1989). In fact, while the Paternity Act specifically provides that the parties may reach a settlement that bars future recovery or modification, under the divorce statutes the court having jurisdiction of the matter specifically is empowered to, from time to time, modify a support award upon a showing of a change in circumstance. MCL 552.17(1); MSA 25.97(1). Plaintiff argues that this fundamental difference between a paternity action and a di-

vorce proceeding violates equal protection. We agree.

Classifications based upon illegitimacy violate the Equal Protection Clauses of US Const, Am XIV, and Const 1963, art 1, § 2, unless they are substantially related to permissible state interests. *Spada v Pauley,* 149 Mich App 196, 203; 385 NW2d 746 (1986). The question then is whether the different treatment of legitimate and illegitimate children with respect to the modifiability of an award of support is substantially related to a permissible state interest. We are not persuaded that it is.

Defendant argues that there is a very clear public purpose advanced by allowing the settlement and compromise of support issues in paternity proceedings, namely the promotion of settlement and finality. While those are certainly legitimate state interests in general, we do not perceive a difference in the state interest in settlement and finality between Paternity Act proceedings and divorce proceedings. We note that the argument for settlement and finality in a Paternity Act proceeding is as equally strong or as equally weak as it is in a divorce proceeding. The Legislature has determined that the need to modify child support awards in divorce proceedings outweighs the need for settlement and finality. We fail to see how the need differs with respect to illegitimate children. Therefore, if we accept the Legislature's determination that the need for modification outweighs the need for settlement and finality in a divorce proceeding, then we believe it must follow that the need for modification outweighs the need for settlement and finality in a Paternity Act proceeding as well.

Perhaps historically this weighing of interests was different. The question of the determination of

paternity historically was quite different than it is today. With respect to illegitimate children, there legitimately could be a serious question concerning the actual paternity of the child, and methods employed to determine paternity were heavily dependent upon the credibility of the parties and, perhaps, even mere speculation. On the other hand, at least before the abandonment of Lord Mansfield's Rule in *Serafin v Serafin,* 401 Mich 629; 258 NW2d 461 (1977), a husband could not deny the paternity of his wife's child. Thus, a situation existed in which there was a dramatic need to settle the issue of paternity where illegitimate children were concerned, but there was no legal opportunity to settle that question in a divorce proceeding because the husband would be presumed to be the father of the child.

However, both law and medicine have become more sophisticated in recent years, and paternity now may be determined scientifically with a high degree of accuracy utilizing blood tests and DNA testing. Indeed, the Paternity Act itself establishes a presumption of paternity if a blood or a DNA test establishes a probability of paternity of ninety-nine percent or higher. MCL 722.716(5); MSA 25.496(5). On the other hand, with the abandonment of Lord Mansfield's Rule, paternity may now be questioned in a divorce proceeding. As a result, the desirability of settlement of paternity issues has moved from being widely disparate between paternity and divorce proceedings to being essentially the same. Paternity actions have evolved from the parading of witnesses in a courtroom to produce what was ultimately a somewhat speculative answer regarding the question of paternity to the conducting of a blood test resulting in a highly accurate determination of paternity. Meanwhile, the question of paternity in a divorce proceeding

has changed from "declarations . . . cannot be admitted to bastardize the issue born after marriage"[1] to the same level of inquiry experienced in a paternity proceeding.

Accordingly, not only has the need to settle a Paternity Act proceeding diminished because the danger of inaccurate determinations of paternity or nonpaternity are now minimized, but also, more important to the present inquiry, the need for settlement in a paternity action is now the same as the need for settlement of a paternity question in a divorce proceeding. And, as noted above, because the Legislature has determined in the context of divorce proceedings that the need to allow a modification of child support upon a change in circumstance outweighs the need for settlement and finality, the same conclusion must be applied to paternity actions.

For the above reasons, we conclude that the different treatment between the Paternity Act and divorce proceedings on the child support issue is not substantially related to a permissible state interest. Accordingly, we conclude that MCL 722.713; MSA 25.493 is unconstitutional because it violates equal protection to the extent that it affords the parties to a paternity action greater settlement rights than are afforded parties to a divorce action with respect to the child support issue and to the extent that it renders child support awards under the Paternity Act unmodifiable while child support awards under the divorce statutes remain modifiable.[2] Therefore, plaintiff's ac-

---

[1] *Goodright v Moss,* 2 Cowp 591; 98 Eng Rep 1257 (1777).

[2] We note that we render no opinion whether the Legislature could, if it so chose, modify the divorce statutes to comport with the Paternity Act. We merely rule that the issues of settlement and modification must be treated the same for legitimate and illegitimate children, and, in the absence of a modification to the divorce statute, the more restrictive provisions of the Paternity Act are not enforceable.

tion to seek a modification of the earlier support agreement is justiciable, and the trial court erred in granting summary disposition for defendant.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.