Neff, P.J.
 

 We granted plaintiff Tammy Roberts’ delayed application for leave to appeal the trial court’s denial of her motion for relief from a consent judgment entered in 1989 following her paternity action against defendant.
 
 [1]
 
 We reverse and remand for further proceedings.
 

 i
 

 Following the birth of her son out of wedlock in April 1986, plaintiff filed a paternity action against defendant, alleging that he was the child’s father. According to defendant, the case was “litigated extensively,” and “blood and tissue typing tests were performed.” In 1989, the parties agreed to a settlement, in which defendant acknowledged paternity. The trial court entered a consent judgment based on the parties’ settlement.
 

 A
 

 The essentials of the parties’ settlement agreement were that defendant acknowledged paternity and agreed to pay past child support, consent to an anticipated stepparent adoption, provide an annuity to benefit the child, and be relieved of any future support obligations. Accordingly, the consent judgment ordered that defendant “shall acknowledge paternity of the minor child,” and “is determined by this Court
 
 *375
 
 to be the father of the minor child.” The judgment required that defendant purchase an annuity policy guaranteeing payouts to the child beginning either at age eighteen or age twenty-one. The judgment ordered that defendant reimburse the Macomb County Department of Social Services (mcdss) $6,500 for costs of confinement and past support. It further provided that defendant “shall not be liable for future support or maintenance regarding the minor child, and that the defendant shall have no further obligations, financial, support, medical expenses, maintenance or otherwise, to the minor child or any of the parties hereto, except as provided for in this Judgment.”
 

 It is undisputed that defendant purchased an annuity policy and made payment to the mcdss as required under the consent judgment. However, the anticipated stepparent adoption did not occur, and plaintiff subsequently divorced. In March 1991, plaintiff again began receiving public assistance for the minor child.
 

 B
 

 The mcdss brought the present action for support and restitution on behalf of plaintiff in September 1992, pursuant to MCL 722.3 and MCL 552.454, after the child began receiving public assistance. The mcdss sought child support of $163 a month and reimbursement of over $3,000 for past public assistance. The trial court granted summary disposition for defendant, on the ground that the consent judgment was a nonmodifiable settlement agreement in a paternity
 
 *376
 
 action pursuant to MCL 722.713(b),
 
 [2]
 
 which barred the mcdss from seeking additional support from defendant absent rescission or modification of the original agreement and judgment.
 

 In 1999, plaintiff filed a motion in the circuit court to rescind the consent judgment under MCR 2.612(C)(1)(f). The circuit court denied plaintiffs motion, finding that defendant had completely performed his obligations under the consent judgment, and thus, the court was unable to modify it because, under the terms of the judgment, the court had retained jurisdiction only until the parties had performed their obligations. This Court granted plaintiffs delayed application for leave to appeal the order denying her motion to rescind the consent judgment.
 

 n
 

 Plaintiff argues that although the parties entered into the consent judgment pursuant to MCL 722.713, which allows for the parties to a paternity action to enter into a nonmodifiable support agreement, MCL 722.713 was thereafter declared unconstitutional by the Court of Appeals,
 
 Dones v Thomas,
 
 210 Mich App 674; 534 NW2d 221 (1995), and repealed, 1996 PA 308. Thus, plaintiff alleges the parties’ agreement is modifiable, and the circuit court has continuing jurisdiction over the issue of child support. We agree, although under different reasoning, that the parties’ child support agreement is modifiable and that the
 
 *377
 
 circuit court has jurisdiction over the issue of child support.
 

 Since the circuit court’s opinion in this matter, and after the submission of plaintiff’s brief on appeal, the Supreme Court issued a decision clarifying the circumstances under which a settlement agreement under MCL 722.713 is nonmodifiable,
 
 Crego v Coleman,
 
 463 Mich 248, 252, n 1; 615 NW2d 218 (2000). Under the analysis in
 
 Crego, id.
 
 at 256-257, 276-277, we conclude that the parties’ agreement is not a nonmodifiable settlement agreement under MCL 722.713 because defendant acknowledged paternity, and thus his child is entitled to modifiable support, just as any other child whose paternity has been ascertained.
 

 m
 

 Biological parents have an inherent obligation to support their children.
 
 Evink v Evink,
 
 214 Mich App 172, 175-176; 542 NW2d 328 (1995). A biological parent must support a minor child unless a court of competent jurisdiction modifies or terminates the obligation or the child is emancipated. MCL 722.3. The purpose of child support is to provide for the needs of a child.
 
 Evink, supra
 
 at 176. The parents of a child are not permitted to bargain away a child’s right to receive adequate support.
 
 Id.
 
 This Court has stated that it has “a dim view of agreements purporting to sign away the rights of a child, particularly when the result of such an agreement may be that the child becomes a public charge . . . .”
 
 Van Loar v Rozema,
 
 94 Mich App 619, 624; 288 NW2d 667 (1980).
 

 
 *378
 
 MCL 722.713 allowed for nonmodifiable child support in the settlement of a paternity action:
 

 (a) An agreement or compromise made by the mother or child or by some authorized person on their behalf with the father concerning the support and education of the child shall be binding upon the mother and the child only when the court having jurisdiction to compel support and education of the child shall have determined that adequate provision is reasonably secured by payment or otherwise and has approved the agreement or compromise.
 

 (b) The performance of the agreement or compromise, when so approved, shall bar other remedies of the mother or child for the support and education of the child.
 

 However, in 1996 PA 308, the statutory provision was repealed after this Court, in
 
 Dones, supra,
 
 found that it was an unconstitutional denial of equal protection.
 
 Sturak v Ozomaro,
 
 238 Mich App 549, 556; 606 NW2d 411 (1999). Nonetheless, our Supreme Court in
 
 Crego, supra
 
 at 281, has since declared that the statute does not violate constitutional guarantees of equal protection
 
 [3]
 
 and that child support agreements pursuant to MCL 722.713 may be valid and nonmodifiable under the following conditions:
 

 (1) a paternity action was filed; (2) the child’s mother and putative father voluntarily entered into an agreement regarding child support,
 
 in lieu of
 
 a judicial determination of paternity; (3) the circuit court made a determination that the agreement secured “adequate provision” for the child’s needs; and (4) the agreement failed to include language pre
 
 *379
 
 serving the right to modify support levels at a later time.
 
 [Crego, supra
 
 at 255.]
 

 Only where paternity is uncertain and the parties have entered into an agreement regarding child support,
 
 in lieu of
 
 a judicial determination of paternity, is nonmodifiable child support allowed under MCL 722.713.
 
 Crego, supra
 
 at 255, 276.
 

 In this case, defendant acknowledged paternity, and the court determined that he was the father of the minor child. “[0]nce a putative father has acknowledged paternity, his child is entitled to fully modifiable support, just as any other child whose paternity has been ascertained.”
 
 Id.
 
 at 276; see also
 
 id.
 
 at 256-257.
 

 If a defendant in a paternity action “acknowledges paternity either orally to the court or by filing with the court a written acknowledgment of paternity,” the court shall enter an order of filiation declaring paternity and providing for the support of the child. MCL 722.717(l)(b). The court has continuing jurisdiction over proceedings brought pursuant to the Paternity Act to increase or decrease the amount of support fixed by an order of filiation. MCL 722.720.
 

 According to the consent judgment, defendant acknowledged paternity before the circuit court at the time of the parties’ settlement agreement. However, we are unable to determine from the record in this particular action whether the court entered an order of filiation. We therefore remand for further proceedings.
 
 [4]
 

 
 *380
 
 On remand, the court shall determine whether entry of a filiation order is necessary, and, if so, shall enter the proper order. Child support in this case is modifiable
 

 Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.
 

 [1]
 

 The present action and the 1989 paternity action were brought by the Macomb County Department of Social Services on behalf of Tammy Jo Roberts. For the sake of clarity, we will refer to Tammy Jo Roberts as the “plaintiff,” unless otherwise indicated.
 

 [2]
 

 The Legislature, in 1996 PA 308, has since repealed this statutory provision, effective June 1, 1997.
 
 Crego v Coleman,
 
 463 Mich 248, 252, n 1; 615 NW2d 218 (2000).
 

 [3]
 

 The decision in
 
 Crego
 
 addressed the constitutionality of the statute with regard to the tíme frame in which the settlement agreement in
 
 Crego
 
 occurred and did not decide whether the statute, had it not been repealed, would remain constitutional in today’s technological context.
 
 Crego, supra
 
 at 277, n 16.
 

 [4]
 

 We recognize that various statutes governing the acknowledgement of paternity have been amended since defendant acknowledged paternity in this case. Further, Michigan has enacted the Acknowledgment of Parent
 
 *380
 
 age Act, MCL 722.1001
 
 et seq.,
 
 which may govern aspects of this case. E.g., MCL 722.1012. Because the limited record in this action does not include the original documents and record concerning defendant’s acknowledgement, any issues concerning the appropriate proceedings are best resolved by the circuit court, under the guidance of
 
 Crego, supra,
 
 and the relevant statutes.