*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* I K JERELOS, Minor.

UNPUBLISHED
February 10, 2022

No. 358334
Muskegon Circuit Court
Family Division
LC No. 2020-000142-NA

Before: BORRELLO, P.J., and M. J. KELLY and REDFORD, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating his parental rights to the minor child, under MCL 712A.19b(3)(f).[1] For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

The child has been in a guardianship since May 10, 2017, but was placed in the home of her guardians from the age of six weeks. On August 9, 2018, respondent filed a petition to terminate or modify the guardianship. Following a hearing on respondent's petition, the court entered an order that provided respondent would have "reasonable" supervised parenting time, and that the "times, places, duration, frequency, and other relevant factors . . . shall be determined by the agreement of the Guardians and the Father." It further provided that if the parties could not agree, either party could renotice a hearing before the court. On January 10, 2020, petitioners, the child's guardians, filed a petition to terminate respondent's parental rights under MCL 712A.19b(3)(f). Following a combined adjudication trial and termination hearing, the trial court found there was clear and convincing evidence of statutory grounds for termination under MCL 712A.19b(3)(f), and that termination of respondent's parental rights was in the best interests of the child.

---

[1] The parental rights of the child's mother were voluntarily terminated and she is not a party to this appeal.

## II. STATUTORY GROUNDS

## A. STANDARD OF REVIEW

Respondent contends that the trial court clearly erred by finding clear and convincing evidence to support termination under MCL 712A.19b(3)(f). "In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018) (quotation marks and citation omitted). A finding of fact is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake was made. *Id*. Deference is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appear before it. *In re Medina*, 317 Mich App 219, 227; 894 NW2d 653 (2016).

## B. ANALYSIS

MCL 712A.19b(3)(f) provides:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

> (f) The child has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8206, and both of the following have occurred:

> (*i*) The parent, having the ability to support or assist in supporting the minor, has failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition.

> (*ii*) The parent, having the ability to visit, contact, or communicate with the minor, has regularly and substantially failed or neglected, without good cause, to do so for a period of 2 years or more before the filing of the petition.

In this case, an order of support was entered, so, under MCL 712A.19b(3)(f)(*i*), petitioners had to show that respondent "failed to substantially comply with the order for a period of 2 years or more before the filing of the petition." See also *In re SMNE*, 264 Mich App 49, 53-54; 689 NW2d 235 (2004) (analyzing nearly identical statutory language in MCL 710.51(6)(a) and finding that if an order for child support is in place, the trial court does not need to determine whether the parent has the financial ability to support the child, as that determination is inherent in the child support order). Thus, the only issue to be determined when there is an order for child support is whether the respondent "substantially complied" with that order. *In re Martyn*, 161 Mich App 474, 479; 411 NW2d 743 (1987) (interpreting nearly identical statutory language in MCL 710.51(6)(a)). Additionally, under MCL 712A.19b(3)(f)(*ii*), because the terms "visit, contact, or communicate" are phrased in the disjunctive, the petitioner is not required to prove that the respondent had the ability to perform all three acts, but need only prove that the respondent had

the ability to perform any one of the acts, and substantially failed or neglected, without good cause, to do so for two or more years preceding the filing of the petition. *In re Hill*, 221 Mich App 683, 694; 562 NW2d 254 (1997) (interpreting nearly identical language in MCL 710.51(6)(b)).

With regard to the requirements in MCL 712A.19b(3)(f)(*i*), respondent argues that he was not obligated to support his child until the October 17, 2018 order. We disagree. The parent of a minor child has a duty to support that child. MCL 722.3(1); *Macomb Co Dep't of Social Servs v Westerman*, 250 Mich App 372, 377; 645 NW2d 710 (2002). Despite that duty, respondent argues that because the support order was made retroactive for six months it was impossible for him to comply. He adds that because his support obligation was initially set to $0, it must be presumed that the court entering the support order found that he lacked the ability to pay. His ability to pay, however, is only relevant in circumstances where a support order is not in place. The plain statutory language indicates that MCL 712A.19b(3)(f)(*i*) can be satisfied one of two ways, the second of which applies if a support order is in place. Thus, because a support order was in place, the trial court was not required to find that respondent had the ability to support or assist in supporting his child.[2]

Instead, because a support order was in place, the trial court had to find by clear and convincing evidence that respondent "has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition." The petition was filed on January 10, 2020. Thus, the question is whether, between January 10, 2018 and January 10, 2020, respondent failed to substantially comply with the support order.

The support orders entered in this case required respondent to pay birth expenses of $3,924. As of the date of the termination hearing, respondent had only paid $40 of that obligation. Pursuant to a December 20, 2018 support order, respondent was required to pay $90 a month in child support and healthcare costs. Only two payments, totaling $140, were received. In addition to requiring respondent to pay monthly support and birth expenses, the orders required respondent to notify the Friend of the Court of any changes in employment or income status. He never did so. Instead, at the hearing, he testified that for a couple of years he was self-employed, was paid in cash, and did not pay income tax. He added that money had been taken from his checks to pay child support, but there is no record supporting that the money taken from his checks was applied toward his

---

[2] Moreover, the record reflects that although the support order was set to $0, the order also imputed an income of $1,170.14 to respondent. Additionally, a Friend of the Court supervisor testified that the $0 obligation was likely a misinterpretation of the court order. Moreover, given respondent's testimony that he was, in fact, working for cash, the trial court's finding that he had the ability to pay notwithstanding the $0 support obligation was supported by the record. Consequently, the trial court's finding that respondent had the ability to support or assist in supporting his child was not clearly erroneous. Rather, the court's finding was not necessary in light of the fact that the record clearly shows that (1) a support order was in place and (2) respondent failed to substantially comply with that order for a period of two years before the petition was filed.

child support obligation for the child in this case.[3]  In light of the foregoing, the trial court did not clearly err by finding that respondent had failed to substantially comply with the support order for a period of two years or more before the filing of the petition.

The trial court also did not clearly err by finding the requirements in MCL 712A.19b(3)(f)(*ii*) were established by clear and convincing evidence.  The phrase "substantially failed" as used in MCL 712A.19b(3)(f)(*ii*) has not been defined.  However, in interpreting nearly identical language in MCL 710.51(6)(b) of the Adoption Code, MCL 710.21 *et seq*., this Court has explained:

> We also express some doubt that the phrase ["substantially failed"] can be reduced to a specific number of visits within two years.  We would, for instance, be less likely to consider a specific number of visits late in the two-year period to be "substantial failure."  We would also be less likely to consider a specific number of visits "substantial failure" if they required the respondent to overcome significant legal, physical or geographic obstacles.  [*Martyn*, 161 Mich App at 482.]

Here, after a long period with absolutely no contact between respondent and his child, respondent filed a petition seeking termination or modification of the guardianship so that he could have parenting time.  As a result, an order was entered allowing for "reasonable" supervised parenting time.  The order provided that the guardians and respondent were to determine the times, places, duration, frequency, and other relevant factors related to that parenting time.  Thereafter, respondent visited his child only 18 times.  Although all visits were scheduled for one hour, respondent did not always show up on time, so only two of the visits lasted for one hour.  Additionally, respondent either cancelled or did not show up for 21 scheduled visits.  He blamed the cancellations on a variety of reasons, including that he was not feeling well, was working, lacked transportation, slept through his alarm because he was tired from working, or was taking care of his step-father.  In light of this testimony, the trial court did not clearly err by finding that respondent substantially failed to visit his child despite having the opportunity to do so.[4]

---

[3] Respondent had child-support orders in place for four other children, so it is possible that money was taken with regard to a different support order for a different child.

[4] Respondent cites to a number of unpublished cases, noting that he visited his child more times than the parents in those cases did.  However, a finding of a "substantial failure" does not require that a parent miss a specified number of visits.  Instead, as noted by this Court when interpreting the phrase "substantial failure" as used in MCL 750.51(6)(b), we cannot reduce the phrase "substantial failure" "to a specific number of visits within two years."  See *Martyn*, 161 Mich App at 482.  Indeed, in this case, the record reflects that of the 18 visits respondent attended, he only arrived on time for two of the visits.  Further, he missed more scheduled visits than he attended and, despite being able to call every Wednesday to schedule a visit for Friday or Saturday, he did not regularly even attempt to schedule such visits.  In light of that evidence, the mere fact that he attended more visits than parents in other cases is certainly not dispositive as to whether, under the circumstances of this case, respondent did not substantially fail to visit his child.

Moreover, the trial court did not clearly err by finding that respondent did not have good cause for his substantial failure to visit his child. Under MCL 712A.19b(3)(f), "good cause" means "a legally sufficient or substantial reason." *In re Utrera*, 281 Mich App 1, 22; 761 NW2d 253 (2008). Respondent argues that petitioners deliberately placed "roadblocks" between him and his ability to visit his child. He testified that petitioners would not "bend time for me," and he "had to work with their time every time." He also stresses that he had to call on Wednesdays to schedule visits for Fridays or Saturdays. Requiring respondent to call and schedule visits in advance, even days in advance, however, was not unreasonable. Respondent regularly missed or showed up late to visits, so the advance notice requirement appears to be reasonable. Moreover, if that requirement—or any of the other requirements put in place by petitioners—were too burdensome, respondent could have sought such a determination with the court that issued the parenting-time order. Indeed, that order expressly provided that if the parties were unable to agree to the times, places, duration, and frequency of the parenting time, then either party could petition the court to revisit the parenting-time issue. Accordingly, given the reasonable nature of the restrictions, and respondent's unexercised option of revisiting the issue at any time, the trial court did not clearly err by finding the limitations on parenting time to constitute good cause so as to excuse respondent's substantial failure to visit his child in the two-year period prior to the petition being filed.

Respondent next argues that the testimony that he missed visits "for the most part" because of work, was false. However, our review of the visitation log reveals that the excuses respondent gave for missing a visit or not showing up were, "for the most part," involving work. The log shows that he missed five visits because of work, but he also missed additional visits because he was working with a relative or slept through his alarm because he was so tired from work. Additionally, the visitation log references that respondent was working seven days a week and was working the night shift as well. In light of the information contained in the log, the testimony that he missed most visits because of work was well supported.

Respondent next argues that he was providing care for his dying father, which interfered with his ability to visit with his child every time that he had the opportunity. Yet, although respondent was providing care for his father, the trial court did not clearly err by finding that his child could not wait until respondent was done caring for other people before he provided care for her. A parent is not excused from providing care to his or her child simply because they are providing care for additional individuals. Because there was no good cause for respondent's substantial failure to visit his child, the trial court did not err by finding the requirements in MCL 712A.19b(3)(f)(*ii*) were satisfied in this case.

On the basis of all the evidence presented, the trial court did not clearly err in finding clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(f).

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ James Robert Redford