*In re* BROWN

Docket No. 101853. Submitted February 11, 1988, at Lansing. Decided April 27, 1988.

Valerie Brown and Charles Brown were divorced by order of the Saginaw Circuit Court. Custody of their three minor children was awarded to Valerie Brown. Shortly thereafter, the Department of Social Services filed in the Saginaw County Probate Court a petition alleging that Valerie Brown's home was an unfit place for the children to live in, and that she was beating the children. The probate court, Faye M. Harrison, J., temporarily placed the children in the care and custody of Charles Brown and gave notice of the probate court proceedings to the Saginaw Circuit Court. Following a dispositional hearing, the probate court issued an order placing the children in the continuing care, custody and control of Charles Brown, with Valerie Brown enjoying limited visitation rights. Valerie Brown appealed.

The Court of Appeals *held:*

1. The probate court properly exercised its power to place the children with their father. Although this effectively altered the custody arrangement provided for in the circuit court divorce judgment, such a change was proper. The circuit court has jurisdiction over divorce and custody matters, however the probate court has jurisdiction where a petition of neglect is filed by the Department of Social Services.

2. The probate court's decision to place the children with their father was supported by a preponderance of the evidence.

Affirmed.

PARENT AND CHILD — CHILD CUSTODY — PROBATE COURT — NEGLECT — DIVORCE — JURISDICTION.

The custody of a divorced couple's minor children, as provided under the circuit court divorce judgment, may be altered by a probate court in proceedings initiated by the Department of

REFERENCES

Am Jur 2d, Infants §§ 28 *et seq.*

Court's power to modify child custody order as affected by agreement which was incorporated in divorce decree. 73 ALR2d 1444.

Social Services with a petition alleging neglect of the children by the custodial parent; the probate court's decision to alter custody must be supported by a preponderance of the evidence (MCL 712A.2; MSA 27.3178[598.2]; MCR 5.908[C][1]).

*Christopher S. Boyd,* Prosecuting Attorney, and *Kathleen Ann Miller,* Assistant Prosecuting Attorney, for petitioner.

*Thomas & Jensen, P.C.* (by *Terry L. Clark*), for respondent Valerie Brown.

*O'Neill, Wallace, Ackerman & Doyle, P.C.* (by *Hakim Ben Adjoua*), for respondent Charles Brown.

Before: MAHER, P.J., and SHEPHERD and K. TERTZAG,* JJ.

PER CURIAM. Respondent mother appeals from a Saginaw County Probate Court order placing her three minor children in the custody and care of the father. Respondent was granted limited visitation rights. She was granted visitation with the children for seven hours on alternate Saturdays.

In November, 1986, the parties were divorced. Pursuant to the judgment of divorce, respondent received custody of their three children: Abijah, born January 10, 1977; Julius, born November 17, 1980; and Danisha, born November 5, 1983.

On March 18, 1987, a petition to assume jurisdiction in probate court was filed alleging that respondent's home was an unfit place to live, specifically alleging that respondent was beating the children.

As a result of this petition, the three children were temporarily placed in the care and custody of their father. Because these children were subject

* Circuit judge, sitting on the Court of Appeals by assignment.

to the prior continuing jurisdiction of the Saginaw Circuit Court pursuant to the judgment of divorce, the probate court filed a notice of proceedings affecting the minor children in Saginaw Circuit Court.

Pursuant to a stipulation of the parties, the petition was amended at the formal hearing, and respondent entered a nolo contendere plea to allegations that on March 16, 1987, a number of "linear" and "loop-shaped" marks were noted on the body of Abijah Brown. She also pled nolo contendere to the allegation that she beat Abijah with a belt on or about March 10, 1987.

A dispositional hearing was conducted on June 11, 1987. At the close of the hearing, the judge concluded that the situation in respondent's home was "near chaos." He made note of respondent's poor self-image, abuse of the children and the testimony of the social worker in this case who indicated the children preferred to live with their father. On June 19, 1987, the probate court entered an order placing the three children in the continuing care, custody and control of their father and granted respondent limited visitation rights. It should be emphasized that respondent's parental rights were not terminated.

Custody of the children was originally awarded to respondent in the circuit court divorce action. However, probate court gains jurisdiction in proceedings concerning any child whose home or environment, by reason of neglect or cruelty, is alleged to be an unfit place to live. MCL 712A.2; MSA 27.3178(598.2). When a neglect petition is filed in probate court on behalf of children already under the jurisdiction of another court, the probate court has the obligation to notify the other court and the prosecuting attorney of that county of the pendency of the neglect petition. MCL 712A.2(b); MSA

27.3178 (598.2)(b). See *In re Albring,* 160 Mich App 750; 408 NW2d 545 (1987). In this case the Saginaw County Probate Court did notify the Saginaw Circuit Court of the pendency of the neglect petition on March 19, 1987.

By statute, the probate court is charged with a duty to take measures with respect to children and adults properly within its jurisdiction, if the court has determined at the adjudicative phase that the child comes within the statute. One method of disposition provided for by statute is to place the child in the home of an adult who is related to the child. MCL 712A.18(1)(b); MSA 27.3178(598.18)(1)(b). In this case, the probate court properly exercised its power to place the children with their father. Although this effectively altered the custody arrangement provided for in the circuit court divorce judgment, such a change was proper. The circuit court has jurisdiction over divorce and custody matters, however, the probate court has jurisdiction where a petition of neglect is filed by the Department of Social Services. MCL 712A.2; MSA 27.3178 (598.2).

The circuit court would not have any means of knowing whether the custodial parent neglected the children unless the matter was called to its attention. Now that the father has custody, the circuit court may make an appropriate order relating to child support if the case comes before the circuit court by a properly filed motion. We need not determine what would happen if the orders of the circuit court and probate court conflict with each other since that issue is not before us.

Respondent argues that the court made its decision to remove her children from her home based on a single occasion of corporal punishment. In fact, there was substantial testimony on the part of the psychological expert and the social worker

to place custody in the father. While the probate court indicated that its order was supported by "clear and convincing" evidence, that standard is only necessary in the event of a parental rights termination. See MCR 5.908(C)(2). In this case, respondent's parental rights were not terminated. In such a case the ordinary standard of proof in a civil action applies, that is, proof by a preponderance of the evidence that the action taken by the court is warranted. MCR 5.908(C)(1). We believe that the decision of the probate court was appropriate under that standard and we affirm the probate court's judgment and order.

Affirmed.