BRADLEY v FULGHAM

Docket No. 136975. Submitted February 18, 1993, at Lansing. Decided
June 8, 1993, at 9:25 A.M.

Michael H. Bradley brought an action in the Genesee Circuit
Court against Cometrice D. Fulgham, seeking an order declar-
ing the defendant to be the mother of his child and requiring
her to pay child support. Before the action, the defendant had
voluntarily released the child for adoption and her parental
rights had been terminated by the probate court pursuant to
the Adoption Code. The plaintiff had intervened in the probate
court proceedings and was declared the child's father and
granted custody. A default, of which the defendant was not
provided notice, was entered in the circuit court after the
defendant failed to answer the complaint. The circuit court,
Judith A. Fullerton, J., subsequently entered a default judg-
ment ordering the defendant to pay child support and later
refused to set aside the default and the default judgment. The
defendant appealed.

The Court of Appeals *held:*

The circuit court abused its discretion in failing to set aside
the default and the default judgment.

1. Failure to notify a party of the entry of a default consti-
tutes a violation of MCR 2.603(A)(2) and is sufficient to show a
substantial defect in the proceedings so as to merit a finding of
good cause under MCR 2.603(D) for the setting aside of a
default or a default judgment.

2. The defendant presented a meritorious defense to the
claim for child support in arguing that termination of her
parental rights necessarily extinguished her support obligations
to the child.

Reversed.

1. JUDGMENTS — DEFAULT JUDGMENTS — NOTICE OF DEFAULT — GOOD
CAUSE.
Good cause sufficient to warrant setting aside a default or a

REFERENCES
Am Jur 2d, Judgment §§ 1178, 1179, 1184; Parent and Child §§ 34,
43.
See ALR Index under Children; Default Judgments.

default judgment is shown by establishing that a party seeking entry of a default failed to notify the opposing party of its entry (MCR 2.603[A][2]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — CHILD SUPPORT.

The termination of a person's parental rights in a child also extinguishes that person's obligation to support the child.

*Chad M. Lucia,* for the plaintiff.

*Henneke, McKone & Fraim, P.C.* (by *Barbra C. Dawes*), for the defendant.

Before: CORRIGAN, P.J., and SHEPHERD and MC-DONALD, JJ.

PER CURIAM. Defendant appeals from a January 2, 1991, order denying her motion to set aside a default and default judgment in this action brought by plaintiff seeking to obtain orders of filiation and child support with regard to defendant and plaintiff's minor child. We reverse.

Defendant is the biological mother of a child born on August 28, 1989. On September 13, 1989, defendant initiated proceedings in probate court to place the child for adoption. Plaintiff appeared during the proceedings to claim paternity of the child. At a January 19, 1990, hearing, the probate court accepted defendant's voluntary release of the child and terminated her parental rights as provided in the Adoption Code, MCL 710.21 *et seq.*; MSA 27.3178(555.21) *et seq.* Additionally, the court found plaintiff to be the child's biological father and, with stipulations not relevant to this appeal, granted plaintiff custody of the child.

Thereafter, plaintiff filed the instant paternity action in the circuit court, requesting an order of filiation naming defendant as the child's mother

and requiring her to pay child support. Defendant, believing the matter of her parentage had been settled in the probate court, sent letters to the circuit court and plaintiff's attorney informing them her rights with regard to the child had been terminated. Defendant enclosed a copy of the probate court order terminating her rights.

On October 9, 1990, no formal answer having been filed, plaintiff sought the entry of a default. Defendant was not served a copy of the notice of default. On November 1, 1990, defendant was served notice of a motion and hearing for the entry of a default judgment against her. At this point, defendant obtained an attorney who filed answers to the complaint and motion as well as a petition to set aside the default. Following a hearing, the court entered a November 15, 1990, order of default declaring defendant to be the child's biological parent and ordering her to pay child support. Defendant amended her answer and supplemented her petition to set aside the default to include a petition to set aside the default judgment. Although the trial court amended the default judgment to exclude plaintiff's request for filiation, finding no such action was provided by law, the court did not dismiss that portion of the order requiring defendant to pay child support. Defendant now appeals, claiming the court clearly erred in failing to set aside the default and the default judgment either because she did not receive notice of the default filed October 9, 1990, or because she demonstrated good cause and a meritorious defense. MCR 2.603(D). We agree and find the court abused its discretion in failing to set aside the default and the default judgment.

Failure to notify a party of an entry of default constitutes a violation of MCR 2.603(A)(2) and is sufficient to show a substantial defect in the proceedings meriting a finding of good cause pursuant

to MCR 2.603(D). *Gavulic v Boyer,* 195 Mich App 20; 489 NW2d 124 (1992). Additionally, defendant presented a meritorious defense to the claim for child support by demonstrating that her parental rights to the child had been terminated. We find no support for the trial court's position that the probate court order terminating defendant's parental rights extinguished her rights to the child but did not extinguish the responsibilities accompanying those rights. The creation of such a rule would undoubtedly prevent many women from placing children for adoption even though adoption would be in the children's best interests. Additionally, such a rule would discourage an unwed mother from disclosing the identity of the biological father, thus depriving the father of the opportunity to gain custody of the child. These results clearly do not correspond with the legislative intent evidenced in the Adoption Code. The act recognizes the situation where only the biological mother's parental rights are terminated and custody is awarded to the biological father. MCL 710.29 and 710.39; MSA 27.3178(555.29) and 27.3178(555.39). Moreover, the statute specifically provides for the support of a child upon the termination of both parents' or a surviving parent's rights. MCL 710.29(6) and (7); MSA 27.3178(555.29)(6) and (7). If the termination of parental rights did not also terminate the parental obligation to support, there would have been no need for the Legislature to provide a mechanism for the support of children whose parents' parental rights have been terminated.

The trial court clearly erred in failing to recognize the effect of the order terminating defendant's parental rights and thus erred in initially failing to dismiss plaintiff's complaint and in ultimately failing to set aside the default judgment.

Reversed.