EVINK v EVINK

Docket No. 178063. Submitted September 6, 1995, at Grand Rapids. Decided October 31, 1995, at 9:00 A.M. Leave to appeal sought.

Teresa M. Evink obtained a divorce from Donald G. Evink in the Allegan Circuit Court, George R. Corsiglia, J., and was awarded legal and physical custody of three children born of the marriage. The court ordered the defendant to pay support after the defendant had voluntarily agreed to the termination of his parental rights to the children. The defendant appealed by leave granted the order of child support.

The Court of Appeals *held:*

1. The biological parents of a child are obligated to support and maintain the child unless a court modifies or terminates the obligation or the minor is emancipated. In this case, the defendant's obligation to support his children has not been modified or terminated by a court, and the children have not been emancipated.

2. Where, as here, a biological parent voluntarily releases parental rights to a child and custody remains with the other biological parent, the termination of parental rights does not terminate the parent's obligation to support the child.

Affirmed.

PARENT AND CHILD — CHILD SUPPORT — TERMINATION OF PARENTAL RIGHTS.

A biological parent's voluntary release of parental rights to a child does not terminate that parent's obligation to support the child where custody remains with the other biological parent (MCL 722.1[c], 722.3[1]; MSA 25.244[1][c], 25.244[3][1]).

*Jane A. Vandervelde,* for the plaintiff.

*John A. Watts,* for the defendant.

Before: DOCTOROFF, C.J., and NEFF and FITZGERALD, JJ.

REFERENCES

Am Jur 2d, Divorce and Separation § 1095; Parent and Child § 59.

See ALR Index under Custody and Support of Children.

PER CURIAM. Defendant appeals by delayed leave granted from a judgment of divorce entered on May 3, 1994, in the Allegan Circuit Court. Defendant specifically challenges the trial court's decision to order him to pay $101 a week in child support. We affirm.

I

The parties to this action were married on November 10, 1984. Three children were born of the marriage. The parties separated in December 1991. At that time, defendant was ordered to pay $133 a week in child support. In December 1991, a child neglect petition was filed in the Allegan County Probate Court alleging that defendant was physically and sexually abusing his children. Defendant ultimately pleaded no contest to the allegations in the neglect petition.

In February 1993, plaintiff filed a petition for divorce. In October 1993, defendant voluntarily terminated his parental rights. Custody remained with plaintiff. The judgment of divorce was entered on May 3, 1994, and included provisions for child custody and child support. Plaintiff was to have physical and legal custody of the three children. Defendant was to pay $101 a week in child support. Defendant objected to paying any child support, contending that because his parental rights had been terminated, he was not obligated to support the children. The trial court did not agree with defendant's position and ordered him to pay the child support.

Defendant then filed a delayed application for leave to appeal, which this Court granted on December 13, 1994. The sole issue raised by defendant is whether he is obligated to pay child support where his parental rights have been termi-

nated. We hold that, under the facts of this case, defendant is obligated to pay the child support ordered by the trial court.

II

The biological parents of a child are obligated to support and maintain that child unless a court modifies or terminates the obligation or the minor is emancipated. MCL 722.3(1); MSA 25.244(3)(1). This Court has held that, absent adoption, the obligation to support a child remains with the natural parents. *Wilson v General Motors Corp*, 102 Mich App 476, 480; 301 NW2d 901 (1980); *Tilley v Tilley*, 195 Mich App 309, 313; 489 NW2d 185 (1992); *Tanielian v Brooks*, 202 Mich App 304, 307; 508 NW2d 189 (1993). In this case, the three minor children were not emancipated under MCL 722.4; MSA 25.244(4). There was no emancipation within the meaning of MCL 722.1(c); MSA 25.244(1)(c) because that section requires the termination of the rights of both parents. Further, there was no adoption in this case because plaintiff has had physical and legal custody of the children since the judgment of divorce was entered.

A

Defendant relies on *Bradley v Fulgham*, 200 Mich App 156; 503 NW2d 714 (1993), in support of his position that termination of his parental rights also terminates his obligation to pay child support. We find *Bradley* to be distinguishable. In *Bradley*, the parties were never married, but had one child together. The defendant mother voluntarily terminated her parental rights pursuant to the Adoption Code, MCL 710.21 *et seq.*; MSA 27.3178(555.21) *et seq.* Under the Adoption Code, if

the child is born out of wedlock and the mother's parental rights are terminated under the Adoption Code, the court may award custody to the putative father. MCL 710.39; MSA 27.3178(555.39). Therefore, the Adoption Code specifically provides for the support of a child where only the mother's parental rights are terminated and custody is awarded to the father.

The instant case does not involve the Adoption Code in the manner in which it was involved in *Bradley*. The children have never been placed in foster care or for adoption. Thus, we do not follow *Bradley* because that case involved application of MCL 710.39; MSA 27.3178(555.39) where the parents were never married, the mother voluntarily released her parental rights, and the father was awarded custody of the children. This case does not implicate § 39 of the Adoption Code.

B

We are deeply troubled by any implication from *Bradley* that simply terminating parental rights of one parent necessarily terminates that parent's obligation to support the child. We conclude that *Bradley* cannot be read to support such a conclusion. When the portion of this Court's opinion in *Bradley, supra* at 159, relating to the termination of parental rights is read as a whole, it is clear that the Court limited the application of its holding to the circumstances explicitly set forth in the Adoption Code. Any broader reading of *Bradley* erroneously and impermissibly extends its holding.

Here, in contrast to *Bradley,* the lower court record clearly indicates that defendant terminated his parental rights because he believed that he would no longer be obliged to make child support payments. A child has an inherent right to paren-

tal support. *Morrison v Richerson,* 198 Mich App 202, 209; 497 NW2d 506 (1993). As this Court has stated, the purpose of child support is to meet the needs of the child, and parents may not bargain away a child's right to receive adequate support. *Carlston v Carlston,* 182 Mich App 501, 505; 452 NW2d 866 (1990). Thus,

[f]rom a policy standpoint, this Court has taken a dim view of agreements purporting to sign away the rights of a child, particularly when the result of such an agreement may be that the child becomes a public charge . . . . [*Van Laar v Rozema,* 94 Mich App 619, 624; 288 NW2d 667 (1980).]

C

To accept defendant's position would be to allow a parent to voluntarily release parental rights in order to escape the child support obligation where the child remains in the custody of the other biological parent. Such a result is not supported by statute, case law, or sound public policy. We hold that in the absence of a clear legislative directive stating otherwise, where a biological parent voluntarily releases parental rights to the children and custody remains with the other biological parent, the termination of parental rights does not terminate the parent's obligation to support the child.

In this case, the trial court did not modify or terminate defendant's obligation to the children and the children have not been emancipated. MCL 722.3(1); MSA 25.244(3)(1). Accordingly, although defendant's parental rights were terminated, the children were not adopted but were in the custody of plaintiff, and defendant still has an obligation to pay child support. The trial court's order of child support in the judgment of divorce is affirmed.

Affirmed.