# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 29, 2006

131593

LOUIS ARTHUR LAFFIN,
        Plaintiff-Appellee,

v

MARIZA LAFFIN,
        Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131593
COA: 266299
Oakland CC: 1999-620238-DM

On order of the Court, the application for leave to appeal the May 26, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

WEAVER, J., would grant leave to appeal.

KELLY, J., dissents and states as follows:

In this case, the parties bargained away their children's right to child support. The "deal" that the parents agreed on is unusual in the annals of divorce law in this state. It provides that if the father is ordered to pay any child support in the future, the obligation must be satisfied entirely from the mother's alimony.

Now, the trial court has enforced that agreement and defendant has appealed to us. The trial judge, in denying the mother's motion for child support, advised her that, pursuant to the parties' agreement, any further motions attacking the judgment of divorce "may result in sanctions being assessed against her."

This Court should examine the matter carefully rather than deny leave to appeal. As it pertains to child support, the parties' agreement may well be in violation of public policy. The Court will not enforce an agreement if it violates public policy. *Rory v Continental Ins Co*, 473 Mich 457, 469 (2005), quoting *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 51-52 (2003). The agreement in this case would be contrary to public

policy if it left the parties' three children without support and rendered them public charges.

Existing relevant Michigan law on this issue is found in *Macomb Co Dep't of Social Services v Westerman*, 250 Mich App 372, 377 (2002). It provides:

> Biological parents have an inherent obligation to support their children. *Evink v Evink*, 214 Mich App 172, 175-176; 542 NW2d 328 (1995). A biological parent must support a minor child unless a court of competent jurisdiction modifies or terminates the obligation or the child is emancipated. MCL 722.3. The purpose of child support is to provide for the needs of a child. *Evink*, *supra* at 176. The parents of a child are not permitted to bargain away a child's right to receive adequate support. *Id*. This Court has stated that it has "a dim view of agreements purporting to sign away the rights of a child, particularly when the result of such an agreement may be that the child becomes a public charge . . . ." *Van Laar v Rozema*, 94 Mich App 619, 624; 288 NW2d 667 (1980).

I strongly believe that the Court should grant leave to appeal in this case to explore the important issue raised.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 29, 2006

Clerk