# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* M. HAMMOND, Minor.

UNPUBLISHED
November 1, 2018

No. 343822
Bay Circuit Court
Family Division
LC No. 15-011898-NA

Before: CAVANAGH, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Respondent appeals as of right an order of the trial court entered after remand[1] vacating an amended order entered by a family court judge that both terminated respondent's parental rights and terminated his child support obligation previously ordered in a judgment of divorce. We affirm.

## I. FACTS

In October 2015, a family court judge in Bay County entered an order terminating respondent's parental rights to his minor daughter. About a week later, the family court judge entered an amended termination order, adding a provision stating that respondent's child support obligation previously ordered in a judgment of divorce entered in Arenac County was also terminated. More than a year later, the Department of Health and Human Services (DHHS) filed a motion to set aside the amended termination order, arguing that the order had been entered without notice to the county prosecutor and DHHS; that the termination of respondent's child support obligation was contrary to law under our Supreme Court's ruling in *In re Beck*, 488 Mich 6; 793 NW2d 562 (2010); and that the family court judge lacked the authority in the neglect proceedings to terminate child support. The trial court granted the motion without mention of any procedural rule, holding that the amended termination order was void ab initio and, thus, reinstated the original termination order and respondent's child support obligation. See *In re Hammond*, unpublished per curiam opinion of the Court of Appeals, issued January 23, 2018 (Docket No. 339592), p 1.

---

[1] *In re Hammond*, unpublished per curiam opinion of the Court of Appeals, issued January 23, 2018 (Docket No. 339592).

Respondent appealed, and we vacated the trial court's order setting aside the amended termination order and remanded to the trial court with "some specific directions to guide the parties and the trial court." *Id.* at 2. In brief, if DHHS identified an appropriate procedural rule to support its motion to set aside the amended termination order, the trial court was to determine whether the family court was a "court of competent jurisdiction" under *Beck*, 488 Mich 6, with the authority to terminate respondent's child support obligation previously ordered in a judgment of divorce. *Id.* We further instructed the trial court to determine whether any arguments raised by DHHS justified setting aside the amended termination order. *Id.*

On remand, DHHS filed a motion for relief from judgment under MCR 2.612(C)(1)(d) (judgment is void) and MCR 2.612(C)(1)(f) (any other reason justifying relief from the operation of the judgment). In brief, DHHS first argued that the family court was not a court of competent jurisdiction under *Beck*, but if it was, the family court's exercise of jurisdiction was an abuse of discretion because the child support order was entered by a court in Arenac County, not Bay County; thus, the matter of child support had to be decided by the court in Arenac County. In other words, the Arenac County court that entered the divorce judgment had continuing and exclusive jurisdiction over the issue of child support. DHHS also argued that the amended termination order had to be vacated because it was entered without proper notice being provided to the parties, in violation of due process rights.

Respondent argued that the Bay County family court had authority to issue the amended termination order terminating his support obligation, just as it had authority to terminate his parental rights. Further, any procedural irregularity regarding notice made the order voidable, not void, and relief was not warranted because the parties were notified that child support was terminated. Moreover, a lawsuit was filed by the child and her mother against attorneys involved in this case and was subsequently settled which should be res judicata with regard to this matter.

Following oral arguments, the trial court again set aside the amended termination order, holding that the family court in Bay County was not a court of competent jurisdiction with regard to the child support obligation ordered in Arenac County; Arenac County had exclusive jurisdiction over the child support issue. Thus, any challenge to the child support order had to be filed in Arenac County. Further, the court held, because the amended termination order was entered without proper notice, relief was warranted. Accordingly, the trial court granted DHHS's motion and entered an order vacating the amended termination order and reinstating the original termination order which effectively reinstated respondent's child support obligation. This appeal followed.

## II. STANDARDS OF REVIEW

We review for an abuse of discretion a court's ruling on a motion for relief from judgment. *Dep't of Environmental Quality v Waterous Co*, 279 Mich App 346, 364; 760 NW2d 856 (2008). Questions of statutory interpretation and constitutional law are reviewed de novo. *In re Deng*, 314 Mich App 615, 621; 887 NW2d 445 (2016). Similarly, the interpretation of court rules is reviewed de novo, *Dawley v Hall*, 501 Mich 166, 169; 905 NW2d 863 (2018), as is the question of whether a trial court had subject-matter jurisdiction, *Usitalo v Landon*, 299 Mich App 222, 228; 829 NW2d 359 (2012). Finally, "[t]his Court also reviews de novo whether the

trial court properly applied legal doctrines such as res judicata . . . ." *In re Bibi Guardianship*, 315 Mich App 323, 328; 890 NW2d 387 (2016).

III.  ANALYSIS

DHHS cited both MCR 2.612(C)(1)(d) and (f) in its motion for relief, which provide:

> (C) Grounds for Relief From Judgment.

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

*  *  *

> (d) The judgment is void.

*  *  *

> (f) Any other reason justifying relief from the operation of the judgment.

While some grounds for relief from judgment must be raised within one year after the order or judgment is entered, both MCR 2.612(C)(1)(d) and (f) are not subject to this limitation, but must be "made within a reasonable time."  MCR 2.612(C)(2).

A.  "COURT OF COMPETENT JURISDICTION"

First, the trial court held that the family court was not "a court of competent jurisdiction" with respect to respondent's child support obligation, rendering the amended termination order void and warranting relief under MCR 2.612(C)(1)(d).  We disagree.

In *Beck*, 488 Mich at 7-8, the issue on appeal was the propriety of the trial court's order requiring the respondent to continue paying child support pursuant to a divorce judgment even after the trial court terminated his parental rights.  The respondent argued that the continued child support obligation violated his constitutional right to due process.  *Id*. at 8.  The Supreme Court disagreed, noting that our "Legislature specifically defined parental rights and parental obligations, and it chose to address those concepts in two discrete statutory provisions."  *Id*. That is, MCL 722.2 pertains to parental rights and MCL 722.3 pertains to parental duties.  *Id*. at 14.  And the loss of parental rights under the termination statute, MCL 712A.19b, only implicates those rights set forth in MCL 722.2, not the obligations imposed under MCL 722.3. *Id*. at 14-15.  Accordingly, even after a parent's rights have been terminated a parent has a duty under MCL 722.3(1)[2] to provide the child with support "unless a court of competent jurisdiction modifies or terminates the obligation . . . . "  *Beck*, 488 Mich at 14-15, quoting MCL 722.3(1).

---

[2] MCL 722.3(1) reads in full:

-3-

Neither *Beck* nor the child support statute defines the phrase "a court of competent jurisdiction." We have interpreted it, albeit in a different context, to mean "a court in the Michigan judiciary" as opposed to an administrative agency. *Summer v Southfield Bd of Ed*, 310 Mich App 660, 673; 874 NW2d 150 (2015) (quotation marks and citation omitted). The United States Supreme Court has explained that "[t]he concept of competent jurisdiction [is] usually used to refer to subject-matter jurisdiction, [but] has also been used on occasion to refer to a court's jurisdiction over the defendant's person." *United States v Morton*, 467 US 822, 828; 104 S Ct 2769; 81 L Ed 2d 680 (1984) (quotation marks and citation omitted). "Competent" is defined as "proper or rightly pertinent" and "having requisite or adequate ability or quality." *Merriam-Webster's Collegiate Dictionary* (11th ed). "Jurisdiction is the power of a court to act and the authority of a court to hear and determine a case." *Grubb Creek Action Comm v Shiawassee Co Drain Comm'r*, 218 Mich App 665, 668; 554 NW2d 612 (1996).

DHHS notes that in *Beck* the trial court declined to modify or terminate the respondent's child support obligation, and therefore, the Supreme Court did not actually decide whether the family court in an abuse and neglect case was "a court of competent jurisdiction." In other words, the Supreme Court's holding in *Beck* affirmed a family court's refusal to modify a child support order, but did not affirm a family court's actual exercise of jurisdiction over the modification or termination of a child support order. However, the Supreme Court appears to have made it a point to explain that "a court has the *discretion* to terminate or modify a parent's obligation to provide support, but is not *compelled* to do so." *Beck*, 488 Mich at 15. This statement, immediately before the Court's approval of the *Beck* trial court's express decision not to modify or terminate the respondent's child support obligation, suggests that the *Beck* trial court in the child protective proceeding indeed had the discretion to modify or terminate the respondent's child support and, therefore, was "a court of competent jurisdiction."

This position is supported by the family court's wide discretion and jurisdiction in the realm of abuse and neglect cases. It is undisputed that the Bay County family court judge had jurisdiction under MCL 712A.2(b) to terminate respondent's parental rights. Our Supreme Court in *Krajewski v Krajewski*, 420 Mich 729, 733; 362 NW2d 230 (1984), has characterized such jurisdiction under MCL 712A.2(b) as "concurrent jurisdiction" with respect to a circuit court which previously entered a judgment of divorce as to the parties. Thus, in a child protective proceeding, once the family court exercises jurisdiction over a minor, the family court is

---

The parents are jointly and severally obligated to support a minor as prescribed in section 5 of the support and parenting time enforcement act, 1982 PA 295, MCL 552.605, unless a court of competent jurisdiction modifies or terminates the obligation or the minor is emancipated by operation of law, except as otherwise ordered by a court of competent jurisdiction. Subject to section 5b of the support and parenting time enforcement act, 1982 PA 295, MCL 552.605b, a court of competent jurisdiction may order support as provided in this section for a child after he or she reaches 18 years of age.

authorized to "issue orders affecting a party as necessary"; these parties include the child, a parent, and a respondent. MCL 712A.2(i).[3] Further, MCR 3.205 provides:

> **(A) Jurisdiction**. If an order or judgment has provided for continuing jurisdiction of a minor and proceedings are commenced in another Michigan court having separate jurisdictional grounds for an action affecting that minor, a waiver or transfer of jurisdiction is not required for the full and valid exercise of jurisdiction by the subsequent court.

There is also caselaw that supports that the family court in a child protective proceeding is able to exercise jurisdiction over a child despite another court's continuous jurisdiction over that child. For example, in the case of *In re Brown*, 171 Mich App 674, 675; 430 NW2d 746 (1988), the respondent-mother received custody of her children pursuant to a judgment of divorce entered by the circuit court. Subsequently, the children were removed from her home because of allegations of abuse and neglect. *Id*. The probate court[4] entered an order superseding the circuit court's custody order and placing the children in the custody of their father. *Id*. at 676. This Court held that the probate court did not err in exercising jurisdiction over the children and altering the custody arrangement, explaining that "[t]he circuit court has jurisdiction over divorce and custody matters, however, the probate court has jurisdiction where a petition of neglect is filed . . . ." *Id*. at 677.

Similarly, in *Krajewski*, 420 Mich at 732, the minor was under the jurisdiction of the circuit court by virtue of a custody order arising from her parents' divorce when an abuse and neglect petition was authorized, bringing the minor under the probate court's jurisdiction. The question before this Court was whether the circuit court's jurisdiction needed to be waived before the probate court could exercise jurisdiction and terminate parental rights. *Id*. This Court held that the probate court only had the power to enter temporary orders and that the probate court could not exercise its full jurisdiction until the circuit court waived its continuous jurisdiction over the minor. *Id*. at 733. The Supreme Court disagreed, holding that once the probate court had concurrent jurisdiction along with the circuit court, it could issue permanent orders without the circuit court's waiver of jurisdiction. *Id*. at 733-734. The Supreme Court explained that any procedural rules regarding notice to the circuit court were meant only to improve efficiency and did not limit the probate court's jurisdiction. *Id*. Accordingly, the family court's jurisdiction is expansive even despite previous continuing orders.

We conclude that the family division of the circuit court holds broad jurisdiction in a child protective proceeding to enter orders that are related to the minor child. This jurisdiction extends even if another court has rendered an order or judgment on the same issue. Thus, the

---

[3] The statute provides that this particular subsection does not apply after May 1, 2018; however, the order was entered in 2015, so this limitation is inapplicable in the present case.

[4] Prior to January 1, 1998, the Juvenile Division of the Probate Court had jurisdiction over child protective proceedings. Any reference to that court is construed as a reference to the Family Division of the Circuit Court. MCL 600.1009.

family court in the instant case was "a court of competent jurisdiction" with the authority to discontinue respondent's support obligations. Accordingly, the trial court abused its discretion by granting relief under MCR 2.612(C)(1)(d).

## B. NOTICE

However, we conclude that the trial court did not abuse its discretion in granting relief under MCR 2.612(C)(1)(f), because the lack of notice of the amended termination order to all parties offended due process and qualifies as "any other reason justifying relief from the operation of a judgment." MCR 2.612(C)(1)(f). A trial court may set aside an order under MCR 2.612(C)(1)(f) only when three requirements are fulfilled:

> (1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice. [*Heugel v Heugel*, 237 Mich App 471, 478-479; 603 NW2d 121 (1999).]

"Procedural due process requires notice and a meaningful opportunity to be heard before an impartial decision-maker." *In re TK*, 306 Mich App 698, 706; 859 NW2d 208 (2014). There is no evidence in the record that all of the parties received notice, most particularly the minor and her lawyer-guardian ad litem (LGAL), the minor's mother, and DHHS. Respondent contends that all "real parties in interest," respondent and the minor's mother, both received a copy of the notice from the Arenac Circuit Court and were aware of the child support termination because the minor was no longer receiving child support. Even assuming that the mother received notice, this does not provide notice to DHHS, the minor, or her LGAL. The minor is undoubtedly a real party in interest. See *Evink v Evink*, 214 Mich App 172, 175-176; 542 NW2d 328 (1995) (holding that children have an inherent right to parental support). And even if the mother had notice, that notice is not imputed to the minor child, and especially not to her LGAL. Further, while respondent implies that DHHS is not a party in interest, this Court has explained that "there is a strong and compelling state interest in preserving and promoting the welfare of children relative to their financial health, which affects their overall well-being . . . ." *Champion v Secretary of State*, 281 Mich App 307, 317; 761 NW2d 747 (2008).

We conclude that the requirements to set aside an order as required by *Heugel*, 237 Mich App at 478-479, are met. First, there is no other subsection under MCR 2.612(C)(1) that would justify relief. The failure to provide all the parties with notice rises above a mere mistake, inadvertence, surprise, or excusable neglect because of the serious due process implications. MCR 2.612(C)(1)(a). There was no new evidence discovered. MCR 2.612(C)(1)(b). There has been no proof of fraud, misrepresentation, or other misconduct of an adverse party. MCR 2.612(C)(1)(c). The judgment is not void. MCR 2.612(C)(1)(d). Finally, it would be inequitable to the minor and the other parties, and not inequitable to respondent, if the order were not set aside. MCR 2.612(C)(1)(e). Moreover, setting aside the order would not affect respondent's substantial rights. A parent does not have the right to the termination of support obligations, *Beck*, 488 Mich at 16; however, a child does have a right to parental support, *Borowsky v Borowsky*, 273 Mich App 666, 672-673; 733 NW2d 71 (2007). Finally, we conclude

that this case is "extraordinary" because the amended termination order was entered with no evidence or explanation for its existence and without notice to all of the parties. This conclusion is bolstered by a child's right to parental support and because it cannot be said that the minor or DHHS can be at fault for not challenging the amended order they did not know existed. Thus, the trial court did not abuse its discretion in granting DHHS's motion for relief pursuant to MCR 2.612(C)(1)(f).

## C. RES JUDICATA

Respondent contends that the minor's mother instituted a lawsuit on behalf of the minor against some of the attorneys involved in the child protective proceeding for professional negligence and malpractice based on the loss of child support, and that this bars the instant case. We disagree.

"For res judicata to preclude a claim, three elements must be satisfied: (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Bibi*, 315 Mich at 333 (quotation marks and citation omitted). The civil lawsuit alleged professional negligence and malpractice on behalf of the attorneys involved in the termination. It did not raise the central issues of whether the family court was a court of competent jurisdiction or whether all of the parties were afforded sufficient notice. Therefore, because the instant claim could not have been resolved in the first case, res judicata does not apply. See *id*.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey